UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA D. HILL, Personal Representative
of the Estate of Jawatha Hill Bacon,
deceased,

    Plaintiff,

v.                                      Case No. 05-73773

KEITH D. BACON,                 HONORABLE AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**[1]

**I. Introduction**

This is a probate case. On October 3, 2005, Defendant Keith Bacon (Bacon) removed this case to this Court from the Washtenaw County Probate Court on the grounds that the Court has federal question jurisdiction because Jawatha Hill Bacon's (the Decedent) General Motors Savings Stock Plan (GMSSP) qualifies as an employee benefit plan under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

Before the Court is Plaintiff's Motion to Remand. For the reasons that follow, the motion is GRANTED and this case is REMANDED to the Washtenaw County Probate Court.

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

## II. Background[2]

Bacon and the Decedent were married. They divorced on February 13, 2000. The Decedent died on November 14, 2002, and Plaintiff Pamela Hill (Hill), the Decedent's sister, was appointed the personal representative of the estate. Before her death, the Decedent worked for General Motors Corporation (GM), where she participated in the GMSSP. She also had an insurance policy through MetLife.

On February 5, 2003, Bacon filed a statement and proof of claim against the estate in Washtenaw County Probate Court claiming that he should be reimbursed for furnishing expenses to the Decedent totaling $100,271.80.[3] On February 26, 2003, the estate responded to Bacon's statement and proof of claim by sending him a notice of disallowance of claim.

On April 23, 2003, Bacon filed a complaint in Washtenaw County Probate Court against the estate claiming that he incurred these expenses because the Decedent fell ill and had to leave work in 2000 as a result of heart failure. His complaint alleged that he became the Decedent's primary caregiver with the understanding that he would be reimbursed for his services.

Bacon and the estate entered into a settlement agreement on January 20, 2004. The agreement provided that the estate was to sell certain parcels of real property to reimburse Bacon for the expenses he incurred while caring for the Decedent. The agreement also released the estate from any further claims, demands, or causes of

---

[2] The background is taken from the parties' papers.

[3] Bacon said that these expenses included funeral costs, mortgage payments, insurance payments, and car loan payments.

action from Bacon.  See Pl. Ex. 5 at ¶ 7.

The estate inventory that the estate filed with the probate court on June 19, 2003, listed, inter alia, the Decedent's GMSSP, in the amount of $53,761.04, as belonging to the estate.  Fidelity Investments (Fidelity) managed the GMSSP.  After the estate and Bacon executed the settlement agreement, Hill began discussions with Fidelity to establish an individual retirement account into which she could roll over the benefits held in the GMSSP.  The GM benefits department informed Fidelity that the Decedent did not name a beneficiary for the GMSSP but, because Bacon was named as the beneficiary on the Decendent's MetLife insurance policy, Bacon had priority over all claimants to the GMSSP.  The GM benefits department directed that the benefits in the GMSSP be rolled over into Bacon's account.

On June 23, 2005, the estate filed in the probate court a petition for order to show cause why Bacon should retain the GMSSP funds.  The estate argued that Bacon was not a named beneficiary on the GMSSP and that, under his divorce judgment with the Decedent and the settlement agreement he executed with the estate, he waived any right to the proceeds.  Bacon responded to the petition on July 13, 2005.

On September 9, 2005, the probate court judge issued an order granting the estate's petition and directing Bacon to return the GMSSP funds to the estate.  Bacon subsequently removed this case to this Court on October 3, 2005, maintaining that the GMSSP is governed by ERISA.

### III. Discussion

### A. Legal Standard

Under 28 U.S.C. § 1446,

[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

28 U.S.C. § 1446(b). Removal statutes should be given strict construction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999) ("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."). Any doubt should be resolved in favor of remand. Id.

### B. Analysis

The estate says that this case should be remanded because Bacon failed to timely remove the case. The estate says that, at a minimum, Bacon should have known that the GMSSP is an ERISA-governed employee benefit plan when the estate filed its petition for order to show cause on June 23, 2005 – more than three months before Bacon filed the notice of removal.

Bacon responds that the thirty-day period in which to remove a case to federal court began on September 9, 2005, when the probate court judge made an ownership

4

determination of the GMSSP.  Accordingly, Bacon says that his notice of removal, filed October 3, 2005, was within 28 U.S.C. § 1446's limitations period.

Bacon's position is not well taken.  Neither party disputes that the GMSSP qualifies as an employee benefits plan under ERISA.  Even if Bacon did not realize that at the time the estate filed its petition for order to show cause, he certainly learned of that fact when the estate filed its brief in support of its petition for order to show cause on August 4, 2005.  The estate's brief contains many legal arguments relating to ERISA.  See Pl. Ex. 6 at 13.  Indeed, Bacon makes ERISA arguments in his brief in opposition to the estate's petition for order to show cause.  See Pl. Ex. 7 at 5 ("ERISA is applicable to the instant case").  Bacon's brief in opposition is dated August 24, 2005.  Accordingly, both of these briefs constitute "other papers" that Bacon received "from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. § 1146(b).  Bacon's notice of removal, filed October 3, 2005, was untimely.  This case was improvidently removed.[4]

Dated:  February 13, 2006          s/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2006, by electronic and/or ordinary mail.
                                    s/Julie Owens
                                   Case Manager
                                   (313) 234-5160

---

[4] A review of the notice of removal also reveals that Bacon failed to comply with the dictates of 28 U.S.C. § 1446(a).  A defendant filing a notice of removal must attach to the notice "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  Bacon attached the estate's petition for order to show cause and his answer to the petition.  He did not, however, attach the probate court's order granting the estate's petition.